UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARY J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:09-CV-112-BG |
| ) | ECF |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Mary J. Johnson brings this suit seeking judicial review of a decision of the Commissioner of Social Security in which her applications for Disability Insurance Benefits and Supplemental Security Income were denied. The United States District Judge transferred this case to the United States Magistrate Judge. Johnson did not consent to the jurisdiction of the court.

Pursuant to the order of transfer, the undersigned files this Report and Recommendation. After reviewing the arguments of the parties, the administrative record, and the applicable law, this court recommends that the Commissioner's decision be affirmed and Johnson's case be dismissed.

**I.     Johnson's First Point of Error**

Johnson filed her applications on October 16, 2007, and the Administrative Law Judge (ALJ) issued a decision denying her applications on May 3, 2008. In her first point of error, Johnson complains of the ALJ's decision at the third step of the sequential disability evaluation.[1] Johnson

---

[1] At step three of the sequential evaluation process, the Commissioner compares the claimant's impairment(s) with "listings" of impairments that are considered severe enough to disable an individual. *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000). If the Commissioner determines that the claimant's impairment(s) meet the duration requirement in the Social Security Act and that they also meet or medically equal the criteria of one of the listings, the claimant is presumed to be disabled and qualifies for benefits without further inquiry. 20 C.F.R. § 404.1520(d); *see also Loza*, 219 F.3d at 390 (disability is conclusively presumed if a claimant's impairments meet or equal the criteria of one of the listed impairments in the Commissioner's regulations).

claims the ALJ's determination that her impairments do not meet or medically equal a listed impairment is not supported by substantial evidence. She points out that her attorney submitted records to the Commissioner nearly three weeks after the hearing but before the ALJ issued his decision. Johnson claims the records, which are dated June 22, 2007, to November 2, 2007, are critical to her case because her insured status expired on December 31, 2007, and the records demonstrate that her condition had deteriorated prior to the expiration of her insured status. She also claims the records demonstrate that she suffered significant changes in her spine and that if the evidence had been reviewed by a State agency examiner, the Commissioner would have found that her impairments were medically equivalent to Listing 1.04. Johnson claims that the ALJ should have delayed the entry of his final decision after receipt of the additional records, should have sent the records to a State agency consultant, and provided her attorney with an opportunity to submit written interrogatories about the new evidence. Johnson claims the ALJ's decision should be reversed on grounds that the decision is not supported by substantial evidence or, in the alternative, that her case be remanded so that a State agency consultant may determine, based on evaluation of the evidence provided after the hearing, whether her impairments are medically equal to the criteria of Listing 1.04. In support of her argument, Johnson points to 20 C.F.R. § 404.1526 and Social Security Ruling 96-6p.

Section 404.1526(c) directs that in determining whether a claimant's impairments medically equal a Listing, the ALJ must consider all evidence in the claimant's case record as well as opinion evidence from one or more medical or psychological consultants designated by the Commissioner. 20 C.F.R. § 404.1526(c) (2008). According to Social Security Ruling 96-6p, "longstanding policy" requires that an opinion on the issue of medical equivalency to a listing must be received into the

2

record from a physician designated by the Commissioner. SSR 96-6P, 1996 WL 374180, at *3. The ruling directs that the Commissioner must obtain an updated medical opinion from a designated medical expert when (1) in the opinion of the ALJ or Appeals Council, the medical evidence in the record suggests that a judgment of equivalence may be reasonable; and (2) when additional medical evidence is received into the record and the ALJ or Appeals Council believes the new evidence may change the State agency consultants' findings. SSR 96-6P, 1996 WL 374180, at *3. Neither situation was present in this case. First, the medical records do not suggest that a judgment of equivalence is called for in this case. Second, nothing in the evidence Johnson submitted after the hearing suggests that medical equivalency would be reasonable or that the new evidence would change the determination of the State agency physician.

Listing 1.04, which is at issue in this case, is the listing for disorders of the spine. *See* 20 C.F.R. pt. 404. subpt. P, app. 1, § 1.04. To meet the criteria under Listing § 1.04, the claimant must first present medical findings that he has a disorder of the spine, such as spinal arachnoiditis, spinal stenosis, osteoarthritis, or degenerative disc disease that results in the compromise of a nerve root or the spinal cord. *Id.* The claimant must then show with medical findings that his impairments meet either the A criteria or the B criteria or the C criteria of the listing. Johnson believes the evidence submitted after the hearing demonstrates that her impairments medically equal the A criteria. The A criteria requires the following:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404. subpt. P, app. 1, § 1.04(A). Johnson contends that motor loss is the only impairment of the A criteria that is not documented in the new evidence and that analysis by a

3

designated medical expert is required to determine whether medical equivalency to motor loss exists. Johnson's contention must be rejected because the new evidence includes documentation directly related to the question of whether Johnson suffers from motor loss.

"Motor loss" is defined in the listing as atrophy in the muscles with muscle weakness. The evidence Johnson submitted after the hearing includes notations which indicate that Johnson does not suffer from motor loss. On June 25, 2007, Johnson's treating physician, Viorel Raducan, M.D., noted, "Walking on toes and heels shows no signs of muscle weakness." (Tr. 541.) On November 2, 2007, Dr. Raducan again noted that Johnson exhibited no muscle weakness and also noted that she walked with a normal gait. (Tr. 488.) The ALJ indicated that he considered this evidence. (Tr. 18-19.)

Johnson also claims that, in regard to whether her impairments meet the criteria of Listing 1.04, the ALJ merely stated that the listing was not met because clinical examinations did not show motor loss accompanied by sensory and reflex loss. She claims that the ALJ did not consider evidence of neuropathy, pain and "giving way" in her legs, or bilateral neurogenic claudication. Johnson's argument does not require remand. The ALJ is not required to provide an "exhaustive point-by-point discussion" of his analysis, but he is required to discuss the evidence and to explain why he found the claimant not disabled at step three of the sequential disability evaluation. *Audler v. Astrue*, 501 F3d. 446, 448 (5th Cir. 2007). The ALJ did so in this case, and he provided adequate analysis for the court to determine that his step three decision is supported by substantial evidence.

## II.   Johnson's Second Point of Error

In her second point of error, Johnson claims the ALJ failed to evaluate the combined effect of her impairments. She specifically claims the ALJ failed to evaluate the findings of Dr. Raducan who she claims documented in examination notes that she suffered from severe spinal stenosis in

her lumbar spine at level L4-5. She claims that the ALJ failed to thoroughly analyze her pain and its effect on her.

The ALJ is required to consider the combined effect of all the claimant's impairments. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000); *see also* 20 C.F.R. § 404.1545(a)-(e) (2008) (stating that the ALJ must consider the combined effect of the claimant's severe and non-severe impairments in determining the claimant's residual functional capacity and must consider the total limiting effects of the claimant's combined impairments). The ALJ must specifically consider a claimant's testimony regarding subjective evidence of pain and failure to do so is reversible error. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). This means that an ALJ may not consider only the medical evidence but must also consider the claimant's subjective complaints. *Haywood v. Sullivan*, 888 F.2d 1463, 1469 (5th Cir. 1989). The ALJ must determine the truthfulness and reliability of the claimant's subjective allegations and "indicate the credibility choices made and the basis for those choices." *Scharlow*, 655 F.2d at 648-49.

The ALJ acknowledged that Johnson had set forth a number of subjective allegations and complaints, and he analyzed her allegations and complaints under 20 C.F.R. § 404.1529. (Tr. 17-18.) The ALJ specifically considered Johnson's allegations of pain and determined that her allegations were not supported by the evidence. (Tr. 18.) The responsibility for determining whether pain is disabling lies with the ALJ and his decision in this regard is entitled to considerable judicial deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987)). Pain is not disabling unless it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Chambliss*, 269 F.3d at 522 (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)).

The evidence in this case does not demonstrate that Johnson suffered from such pain. Even in a case in which the evidence indicates a mixed record concerning a claimant's health problems and their limitations upon her ability to work, it is the ALJ's responsibility to weigh the evidence; the court is then charged with determining whether there is substantial evidence in the record as a whole to support the determination. *Chambliss*, 269 F.3d at 523. In this case, there is substantial evidence in the record to support the ALJ's determination.

## III. Conclusion

The court's review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence from the record as a whole and whether the Commissioner applied the proper legal standards in reaching his decision. *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citations and internal quotations omitted.) A finding of no substantial evidence is appropriate only if no credible evidentiary choices exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). In this case there is substantial evidence to support the ALJ's decision; therefore, it is conclusive and must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam).

## IV. Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within ten days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:    January 12, 2010.

NANCY M. KOENIG
United States Magistrate Judge